**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

TREVOR McGAHA                                                                PLAINTIFF

v.                                            4:25-cv-01078-LPR-JJV

FRANK BISIGNANO,
Commissioner,
Social Security Administration                                    DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Lee P. Rudofsky.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Plaintiff, Trevor McGaha, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income and disability insurance benefits. The Administrative Law Judge (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers he could perform despite his impairments. (Tr. 17-30.)

This review function is extremely limited.  The court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error.  *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is fairly young – only forty-one years old. (Tr. 66.) He is a high school graduate (Tr. 41) and has past relevant work as an oil field worker and heavy equipment operator. (Tr. 28.)

The ALJ[1] found Mr. McGaha has not engaged in substantial gainful activity since March 11, 2022 – the alleged onset date.  (Tr. 20.)  He has "severe" impairments in the form of "migraine headaches, chronic obstructive pulmonary disease, asthma, anxiety, depression, and post-traumatic stress disorder."  (*Id*.)  The ALJ further found Mr. McGaha did not "have an impairment or

---

[1]  The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

combination of impairments that meets or medically equals the severity of one of the listed in 20 C.F.R. Part 404, Subpart P, Appendix 1."[2] (Tr. 20-23.)

The ALJ determined that Mr. McGaha has the residual functional capacity (RFC) to perform a reduced range of light work as defined in 20 C.F.R. 404.1567(b). (Tr. 23.) Based on the RFC assessment, the ALJ concluded Mr. McGaha could no longer perform his past work. (Tr. 28.) He, therefore, utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments. (Tr. 57-61.) Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform the jobs of routing clerk, price tag ticketer and housekeeper. (Tr. 29.) Accordingly, the ALJ determined Mr. McGaha was not disabled. (Tr. 30.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Plaintiff makes fairly technical arguments that the ALJ failed to follow various regulations. While I agree that the ALJ must follow the regulations, as an initial matter, I find the ALJ did a thorough job evaluating Plaintiff's claims and his decision is supported by substantial evidence.

Plaintiff is reminded it was his burden to prove his disability. Plaintiff failed to meet this burden as I find little evidence to support a claim of complete disability.

Plaintiff first argues that the ALJ erred by failing to perform the mandatory function-by-function analysis as is required by Social Security Ruling 96-8p. (Doc. No. 9 at 8-9.) Plaintiff goes on to say:

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

> The ALJ's decision states the RFC conclusion—"light work"—without any preceding analysis of how many hours Mr. McGaha can sit, stand, or walk, or how much weight he can lift or carry. Tr. 23. The decision contains no narrative discussion of specific functional capacities. The only RFC discussion is a conclusory statement that the RFC "is supported by the medical evidence of record, including the objective examination findings, medical opinions of record, and the claimant's reported daily functioning consistent with this medical evidence." Tr. 28. This does not satisfy SSR 96-8p's requirement for function-by-function assessment.

(*Id.* at 8.)

But as the Commissioner correctly responds, "SSR 96-8p does not require an ALJ to discuss all of a claimant's abilities on a function-by function basis. Rather, an ALJ must simply explain how the evidence supports the conclusions about a claimant's limitations and must discuss the claimant's ability to perform sustained work activities as the "Narrative Discussion Requirements" set out." (Doc. No. 19 at 4-5.)

The ALJ fairly complied with SSR 96-8p here. He provided more analysis than Plaintiff suggests. For example, the ALJ said:

> The undersigned considers the prior administrative medical findings of the State Agency Medical Consultants, dated December 29, 2022, and September 28, 2023. They reviewed the claim at the initial and reconsideration level and opined that the claimant could perform light exertional work with additional limitations. At the initial level, the Disability Determination Services consultant found that the claimant could frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He must avoid climbing ladders, ropes, and scaffolds. He should also avoid concentrated exposure to extreme cold and heat, pulmonary irritants, and hazards. (Ex. 3A, 4A). Upon reconsideration, the consultant found that the claimant should avoid concentrated exposure to noise, vibration, and pulmonary irritants. (Ex. 7A, 8A). The Disability Determination Services consultants supported their findings with the claimant's longitudinal treatment history, and their findings are generally consistent with the overall record. The reconsideration level assessment adequately accounts for the claimant's respiratory impairments and migraine headaches, both of which the claimant has received treatment for throughout the relevant period. He manages his impairments with medication and conservative treatment. Further, he continued to work during the relevant period, which suggests that [h]e is capable of work despite his impairments. The residual functional capacity supported in this decision adequately accounts for the claimant's impairments. Because the

> Disability Determination Services consultants' findings are generally supported by and consistent with the evidence, they are persuasive.

(Tr. 27.)

By way of supporting evidence, Plaintiff argues the ALJ failed to explain how his "shortness of breath" impacted his ability to perform light work. (Doc. No. 9 at 9.) In making this argument, Plaintiff overlooks the vast evidence that his smoking cigarettes was terribly detrimental to his health and was a habit that his doctors recommended he quit immediately. (See *e.g.* Tr. 405, 420, 446-447, 804.) Failure to follow a prescribed course of remedial treatment without good cause is grounds for denying an application for benefits. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *Johnson v. Bowen*, 866 F.2d 274, 275 (8th Cir. 1989). And his doctors also often recommended he engage in exercise – suggesting they did not believe he was incapable of performing light work activities. (Tr. 807, 843, 860.) Accordingly, I find no error here.

Plaintiff also argues that the ALJ's mental RFC is flawed. (Doc. No. 9 at 8-9.) Mr. McGaha clearly suffers from some degree of mental limitations. But given this limited review under the law, my careful review of the ALJ's opinion, the medical record, and the briefs from the respective parties, I find that the ALJ's opinion is supported by substantial evidence.

Mr. McGaha's medical records simply fail to support an allegation of complete disability. Plaintiff's doctors noted their numerous examinations of Plaintiff. (Tr. 504-505, 508-510, 539, 542, 634-635, 640-641, 647,652-653, 656, 661-662, 666-667, 678, 683-684, 704-705, 714, 719, 722-723, 731-732, 805-806, 810, 813, 817-818, 838, 844, 847, 851, 855, 858, 859, 863, 866, 870-871,1161, 1163, 1166, 1169, 1213-1214, 1223-1224, 1231-1232, 1237-1238, 1245-1246, 1250-1251, 1271, 1290-1291.) These objective treatment notes – while not always perfect - revealed nothing disabling.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added).  A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  Here, the ALJ could rightly determine that Mr. McGaha was not disabled.

Plaintiff has advanced other arguments that I have considered but find to be without merit. Those arguments include that the ALJ failed to adequately consider Plaintiff's subjective symptoms and incorrectly addressed his migraine headaches. (Doc. No. 9 at 13-18.) I fully credit the Commissioner's responses to these arguments.  (Doc. No. 19 at 9-21.)  The Commissioner's responses set out support from the ALJ's decision and the administrative record that I find to be compelling. I also find these arguments fail based on my earlier findings.  Lastly, with regard to Plaintiff's arguments about his migraine headaches, the evidence of record supports the ALJ's conclusions on this point.  (Tr. 700-707, 1264-1265, 1275-1281.)

The ALJ carefully considered the record and made a supported determination that Plaintiff could perform a reduced range of light work.  In coming to this conclusion, the ALJ considered the medical records and the opinions from medical professionals.  And his opinion fairly sets out the rationale for his conclusions.

As previously stated, Plaintiff had the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988).  Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).  Plaintiff has simply not met that burden.  The record contains ample support that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*,

6

402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Mr. McGaha's counsel has done a good job advocating for him.  But it is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 28th day of May 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE